1

2

3

4

5        **IN THE UNITED STATES DISTRICT COURT**

6        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    AMY WALKER,                          No. CIV S-06-2315-MCE-CMK

9              Plaintiff,

10        vs.                              <u>ORDER</u>

11   U.S. DEPARTMENT OF
     HOUSING AND URBAN
12   DEVELOPMENT, et al.,

13             Defendants.

14   _____/

15            Plaintiff, who is proceeding pro se, brings this action against various individuals

16   and business entities claiming "conspiracy to commit murder, conspiracy to commit fraud,

17   conspiracy to endanger my life."

18            The court is required to screen complaints brought by prisoners seeking relief

19   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

20   § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

21   granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

22   provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and

25   1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

26   dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject

1

1   matter . . . ."  Because plaintiff has been granted leave to proceed in forma pauperis, the court

2   will screen the complaint pursuant to § 1915(e)(2).

3          Plaintiff alleges that the business entities named as defendants "are involved in a

4   conspiracy of retaliation."  She states that the business defendants purposefully refuse to do

5   business with her and that this is endangering her survival.  Plaintiff claims that employees of

6   these businesses have, on at least three occasions, attempted to run her over with their cars and

7   have also assaulted and harassed her.

8          She also references a conciliation agreement with the United States Department of

9   Housing and Urban Development, and alleges that this agreement is being breached by various

10  defendants.  Plaintiff states that she has not received a response from the United States Attorney

11  General concerning this alleged breach.

12         She also asserts that the mayor of the City of Mount Shasta, Tim Stearns, is also

13  involved.  Specifically, she claims that, on May 8, 2006, shortly after the conciliation agreement

14  went into effect, she was attacked outside the Cabaret Coffee House "ten minutes after the

15  Mayor Tim Stearns had left."  She claims that the City of Mount Shasta police have refused to

16  allow her press charges.

17         Plaintiff summarizes her claims as follows:

18     I believe there has been retaliation not only for returning to my home in
       Mt. Shasta on May 8, 2006, and the Conciliation agreement with HUD,
19     but also because of two other lawsuits regarding the May 8, 2006, attack
       against me.  False charges have been brought against me by an employee
20     of Stage Door Cabaret Coffee House in retaliation, three months after the
       police dropped the case and after I had sent interrogatories and a motion to
21     compel answers to State Door Cabaret Coffee House & Trinity Café.  I did
       this to find out who the people were that attacked me and pursue legal
22     action.

23     I am asking the court for my legal right as a citizen of the United States to
       use the health food stores and restaurants of Mount Shasta CA because
24     health food is the kind of food I eat.  [¶] I am also asking the court for my
       legal right to my HUD apartment at Alta Vista Manor Apartments 625
25     Marjorie St. Mount Shasta CA returned to me without the offending
       manager Richard Miller present.

26

                                         2

It appears that the underlying basis of plaintiff's complaint is her assertion that the conciliation agreement has been breached.  This court, however, is not the proper venue to allege breach of the agreement, at least not at the present time.  According to the copy of the agreement attached to plaintiff's complaint, the Department of Housing and Urban Development ("HUD") monitors compliance and, if a breach is suspected, HUD would refer the matter to the United States Attorney General for enforcement of the agreement.  Thus, any enforcement action would be brought by the Attorney General and not plaintiff herself.

As to plaintiff's contention that certain business entities in the City of Mount Shasta are refusing to do business with her, plaintiff has not alleged a violation of federal law or her constitutional rights.  Plaintiff merely claims that the business entity defendants are excluding her from the "world of commerce" and that this somehow violates her federal constitutional rights.  However, none of the business entity defendants are state actors and plaintiff has not alleged racial discrimination such that the Civil Rights Act would appear to apply.  To the extent plaintiff alleges that these entities have committed crimes against her, such contentions are properly investigated and pursued by state and local law enforcement, not this court.

Finally, plaintiff mentions that "false charges" have been brought against her.  To the extent this refers to ongoing criminal action against plaintiff, this court would be precluded from interjecting itself while such proceedings are pending.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

1   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

2   plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

3   be complete in itself without reference to any prior pleading.  See id.

4           If plaintiff chooses to amend the complaint, plaintiff must allege some basis for

5   this court's subject matter jurisdiction.  Specifically, and in the context of what the court can

6   glean from the original complaint, plaintiff must allege some violation of federal law or of the

7   federal constitution.  The complaint must allege in specific terms how each named defendant is

8   involved, and must set forth some affirmative link or connection between each defendant's

9   actions and the claimed violation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

10  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11          Finally, plaintiff is warned that failure to file an amended complaint within the

12  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

13  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

14  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

15  41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.      Plaintiff's complaint is dismissed with leave to amend; and

18          2.      Within 30 days of the date of this order, plaintiff shall file a first amended

19  complaint.

20

21  DATED:   May 23, 2007.

22

23                                                    _____
                                                      CRAIG M. KELLISON
24                                                    UNITED STATES MAGISTRATE JUDGE

25

26